UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 15-61 |
| PAULA JONES | SECTION "E" (2) |

## ORDER AND REASONS

Before the Court is the Government's Motion to Exclude Irrelevant and Prejudicial Evidence Produced by Paula Jones in Reciprocal Discovery.[1] Defendant Paula Jones objects to the Government's motion.[2] For the following reasons, the Government's motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

On November 9, 2016, the Government filed its Motion to Exclude Irrelevant and Prejudicial Evidence Produced by Paula Jones in Reciprocal Discovery.[3] In its motion, the Government argues that the documents produced by Defendant Paula Jones in reciprocal discovery, and any related testimony, regarding Defendant Paula Jones' breast cancer diagnosis, mastectomy, treatment and breast reconstruction procedures should be excluded because such evidence is irrelevant and overly prejudicial.[4] In addition, the Government argues income records from 7 to 10 years prior to Paula Jones' charged conduct, including unsigned tax return documents, W-2 forms and 1099 forms, a demonstrative chart of Paula Jones' earnings, and checks purportedly for child care expenses from May through November of 2003, should be excluded as irrelevant and

---

[1] R. Doc. 844.
[2] R. Doc. 857.
[3] R. Doc. 844.
[4] R. Doc. 844-1, at 1.

1

unauthenticated hearsay.[5] Defendant Paula Jones argues the challenged evidence is relevant, non-prejudicial, and admissible evidence.[6]

## I. Medical Records and Testimony Regarding Defendant Paula Jones's Cancer Treatment

On October 21, 2016, pursuant to the Court's Scheduling Order,[7] Defendant Paula Jones produced reciprocal discovery. According to the Government, "The bulk of the evidence consists of medical records" related to Defendant Paula Jones' June 2011 breast cancer diagnosis, November 2011 bilateral total mastectomy and immediate bilateral reconstruction with tissue expanders, and February 2012 completion of post-mastectomy radiation therapy.[8] The Government maintains evidence of Defendant Paula Jones' breast cancer is not relevant to any element of the crimes charged.[9] In addition, the Government maintains the evidence is irrelevant because it relates to a time period outside of the charged conspiracy.[10] Further, the Government argues the evidence should be excluded because the probative value of this evidence is substantially outweighed by the danger of unfair prejudice.[11] Defendant Paula Jones maintains the evidence is relevant and provides an explanation and context regarding the changes in her salary during the period of the charged conspiracy.

Rule 401 establishes the test for determining whether or not evidence is relevant.[12] Under Rule 401, evidence is relevant if: "(a) it has any tendency to make a fact more or

---

[5] *Id.* at 3, 9.
[6] *See* R. Doc. 857. Defendant Paula Jones further contends that the arguments in her opposition be considered as part of her objections to the Governments Summary Exhibits. *See* R. Doc. 793. The Court will address Defendant Paula Jones' objections to the Governments Summary Exhibits in a separate order.
[7] R. Doc. 790.
[8] R. Doc. 844-1, at 2.
[9] *Id.* at 5.
[10] It is uncontested that Paula Jones did not begin working as a biller at Abide until June or July 2012. *See id.* at 3; R. Doc. 857, at 3.
[11] R. Doc. 844-1, at 4.
[12] FED. R. EVID. 401.

less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[13] The Government has made clear that, with respect to Defendants Paula and Michael Jones, it will present evidence that they engaged in an illegal kickback scheme whereby Defendant Michael Jones increased the number of his referrals in return for Abide increasing Paula Jones' salary beginning in May of 2013.[14] Defendant Paula Jones contends that evidence regarding her diagnosis and treatment of breast cancer will provide an alternative explanation as to why her salary increased in May of 2013.[15] As a result, the Court finds evidence related to Defendant Paula Jones' diagnosis and treatment of her breast cancer is relevant.

The Government further contends that, even if the Court finds the evidence related to Defendant Paula Jones' diagnosis and treatment is relevant, the evidence should be excluded pursuant to Federal Rule of Evidence 403 because its probative value is "substantially outweighed by the danger of unfair prejudice."[16] Rule 403 grants the Court the ability to exclude evidence that is otherwise relevant "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[17] The Government argues "breast cancer is an illness that has affected many people in one way or another and evokes strong emotional actions," which may cause jury nullification.[18] The Court finds, however, that the probative value of this evidence outweighs the danger of unfair prejudice.

---

[13] *Id.*
[14] *See, e.g.* R. Doc. 814, at 8.
[15] R. Doc. 857, at 5.
[16] R. Doc. 844-1, at 6.
[17] *Id.* at 403.
[18] R. Doc. 844-1, at 6-7.

Because the evidence of Defendant Paula Jones' diagnosis and treatment of breast cancer is relevant and its probative value is not outweighed by the danger of unfair prejudice, the Government's motion is denied in that Paula Jones will be allowed to testify as to her diagnosis and treatment for breast cancer. For the same reasons, Paula Jones will be allowed to testify regarding other circumstances, including her marriage, birth of children and return to school, which led to her receiving a lower salary from 2006 to May of 2013.

The Court grants the Government's motion to the extent it seeks to preclude the introduction of all medical records. The fact that Defendant Paula Jones was diagnosed with and treated for breast cancer is not contested and the Court finds these records are cumulative as they are not needed to prove that she had cancer and received treatment. Any probative value of these records is outweighed by the risk of unfair prejudice and the likelihood that their introduction would cause needless delay. In the event the Government attempts to prove that Defendant Paula Jones did not have breast cancer or she did not undergo treatment, Defendant Paula Jones may request that the Court revisit this ruling.

II. <u>Tax Returns, W-2 and 1099 Forms, Demonstrative Chart of Earnings, and Caregiver Checks Produced by Paula Jones</u>[19]

In its motion, the Government also seeks to exclude other evidence produced by Paula Jones, namely: tax returns, W-2 forms and 1099 forms, a demonstrative chart of earnings and caregiver checks.[20]

---

[19] The documents objected to are attached to the Government's motion as Exhibits C, D and E. *See* R. Docs. 844-5, 844-6, and 844-7.
[20] R. Doc. 844-1, at 9-10.

4

First, the Government seeks the exclusion of Paula Jones' tax returns, W-2 forms and 1099 forms from 2002, 2003, 2004 and 2005.[21] The Government argues her income from multiple health agencies 7 to 10 years prior to the charged conduct has no bearing on whether she committed the charged offenses and is not relevant to her 2012-2013 Abide salary.[22] Further the Government argues the tax returns provided by Defendant Paula Jones have no probative value because they are unsigned copies.[23] The Government maintains that even if the records are authenticated by Paula Jones, the records should be excluded as impermissible hearsay because they are self-serving statements made by declarant, offered for their truth that Paula Jones earned the wages listed on the returns.[24] In her opposition, Defendant Paula Jones states, "In view of the objections as to the unsigned tax returns, undersigned counsel will attempt to eliminate this issue through obtaining the official IRS transcripts for Paula Jones."[25] On October 28, 2016, the Court granted a joint motion to continue this trial until April 10, 2017.[26] In light of this continuance, the Court assumes the Defendant will obtain, and subsequently disclose to the Government, the official tax records which will render the Government's motion moot insofar as it is based on lack of authentication. With respect to the Government's contention that Defendant's previous income is not relevant, for the reasons already discussed above, the Court finds evidence regarding the Defendant's salary through May 2013 is relevant to the Defendant's explanation why her salary increased in May 2013. As

---

[21] *See* R. Doc. 844-5.
[22] R. Doc. 844-1, at 9.
[23] *Id.* (citing *Selgas v. C.I.R.*, 475 F.3d 697, 700 (5th Cir. 2007)).
[24] *Id.* at 10 (citing *United States v. Austin*, 774 F.2d 99, 101 (5th Cir. 1985); *United States v. Ivory*, 875 F.2d 868 (6th Cir. 1989)).
[25] R. Doc. 857, at 4 n.2.
[26] R. Doc. 828.

a result, the Government's motion with respect to the exclusion of Defendant's tax records, W-2 forms and 1099 forms is denied.

Next, the Government objects to a demonstrative chart[27] prepared and provided by Paula Jones summarizing her salaries, by employer, from 2002, 2003, 2004 and 2005.[28] The Government argues this demonstrative exhibit is irrelevant for the same reasons as it argues the underlying W-2 forms, discussed above, are irrelevant.[29] As explained above, assuming the Defendant is able to obtain her official tax records, she will be allowed to use this demonstrative in the presentation of her defense.

Last, the Government argues Defendant Paula Jones should be precluded from introducing evidence of caregiver expenses because they are "irrelevant and carry the risk of evoking improper emotion and sympathy from the jury."[30] The Government argues that the fact Paula Jones paid for child care in 2013 "has no connection to whether or not she committed health care fraud or received kickbacks."[31] Defendant Paula Jones argues that she began paying for childcare costs at the same time she took on the additional employment responsibilities and received the raise associated with her promotion to "lead biller" in May of 2013.[32] The Court finds that the Defendant's testimony that her salary increase was a result of her increased work responsibilities, which also resulted in an increase in her childcare expenses due to the fact that she was required to spend more time at work, is relevant. The Defendant may testify regarding her childcare expenses and introduce evidence substantiating those expenses assuming she is able to properly authenticate the checks at issue.

---

[27] R. Doc. 844-6.
[28] R. Doc. 844-1, at 10.
[29] *See id.*
[30] *Id.*
[31] *Id.*
[32] R. Doc. 857, at 5.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that the Government's Motion to Exclude Irrelevant and Prejudicial Evidence Produced by Paula Jones in Reciprocal Discovery[33] is **GRANTED IN PART** and **DENIED IN PART**. Defendant Paula Jones will not be allowed to introduce any medical records related to her diagnosis or treatment of breast cancer. Defendant Paula Jones may, however, testify regarding the circumstances, including her marriage, birth of children, education and cancer diagnosis and medical treatment, which had an impact on her salary during the time period between 2006 and May of 2013. Further, assuming Defendant Jones has obtained her official tax records, she may introduce copies of her tax returns, w-2 forms and 1099 forms from 2003, 2004, 2005 and 2006 and may use the demonstrative exhibit showing her salary during this time. In addition, so long as Defendant Paula Jones is able to properly authenticate the checks, she may testify and introduce evidence demonstrating the increase in her childcare expenses resulting from her increased work responsibilities beginning in May of 2013.

**New Orleans, Louisiana, this 12th day of January, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[33] R. Doc. 844.